IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| KEVIN MCMILLAN, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 14-CV-717-GKF-PJC |
| AT&T UMBRELLA BENEFIT PLAN NO. 1, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the court is the Motion to Alter or Amend Judgment [Doc. No. 68] of defendant, AT&T Umbrella Benefit Plan No. 1. For the reasons set forth below, AT&T's motion is granted in part and denied in part.

**I. Background**

This case is about benefits owed to the plaintiff, Kevin McMillan, under AT&T's short-term disability-benefits plan. On August 14, 2017, the court entered judgment in favor of McMillan, awarding "short term disability benefits due under the plan from June 12, 2013 . . . through the date of judgment." [Doc. No. 66]. The intended effect of this language was to grant McMillan twenty-six weeks of short-term disability benefits, which is the maximum number of weeks for which benefits are payable under the plan. On September 8, 2017, AT&T filed the present motion, asking the court to amend its judgment to reflect that McMillan is only entitled to short-term disability benefits for the thirteen-week period between May 21, 2013 and August 25, 2013. [Doc. No. 68].

**II. Standard**

"The purpose of a Rule 59(e) motion is to correct manifest errors of law or to present newly discovered evidence." *Monge v. RG Petro-Machinery (Grp.) Co. Ltd.*, 701 F.3d 598, 611

(10th Cir. 2012) (internal brackets omitted). Such a motion "is designed to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple." *Syntroleum Corp. v. Fletcher Intern., Ltd.*, No. 08-CV-384-JHP-FHM, 2009 WL 761322, at *1 (N.D. Okla. Mar. 19, 2009). As a result, the only grounds for granting a Rule 59(e) motion are: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Monge*, 701 F.3d at 611; *see also Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("[A] motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."). "Clear error . . . requires the definite and firm conviction that a mistake has been committed." *Maul v. Logan Cty. Bd. of Cty. Comm's*, No. CIV-05-605 C., 2006 WL 3447629, at *1 (W.D. Okla. Nov. 29, 2006).

### III. Analysis

AT&T points to two errors in the court's judgment regarding McMillan's short-term disability-benefits period: that the start date should have been May 21, 2013, not June 12, 2013; and that the end date should have been August 25, 2013, not the date of judgment. The court agrees with the former, but disagrees with the latter.

#### a. Start Date

AT&T argues that the start date of McMillan's short-term disability-benefits period should have been May 21, 2013, not June 12, 2013. June 12, 2013 was the date McMillan was first notified that his claim was denied. However, AT&T correctly notes that the relevant date is not the date of notice but the date of effective denial, which was May 21, 2013. [Doc. No. 20-2, p. 109]. Thus, the court agrees that this was clear error and will amend its judgment to reflect a May 21, 2013 start date for McMillan's short-term disability-benefits period.

### b. End Date

AT&T makes two arguments that the end date of McMillan's short-term disability benefits period should have been August 25, 2013, not the date of judgment: first, McMillan returned to work on August 26, 2013; and second, the court lacked jurisdiction to award benefits past August 25, 2013. The court holds that neither argument establishes clear error, but chooses to clarify its judgment to reflect that it intended to award McMillan short-term disability benefits under the plan for the maximum, twenty-six week period, from May 21, 2013 through November 19, 2013.

*First*, the record is ambiguous as to whether McMillan returned to work on August 26, 2013. In support of its argument, AT&T points to the following items in the record: a "Return to Work Full Time Duty Notice" sent from Sedgwick Claims Management Services, Inc. to McMillan's supervisor listing August 26, 2013 as the date of McMillan's return to work [Doc. No. 20-2, p. 135]; and an "External Physician Advisor Referral Form" created on January 10, 2014, stating that McMillan returned to work on August 26, 2013 [Doc. No. 20-3, p. 60]. However, AT&T does not identify in the record any employment records or correspondence to or from McMillan showing that he actually did return to work on August 26, 2013.[1] The parties never briefed this issue, either. To the extent that AT&T did address it in their briefing, they stated only that his "return to work date *was set for* August 26, 2013" [Doc. No. 30, p. 6] (emphasis added). Based on this evidence, the court concludes that the record is ambiguous as to whether McMillan returned to work on August 26, 2013. As a result, it would not have been clear error for the court to conclude that he did not.

---

[1] The court also denies AT&T's request to supplement the record [Doc. No. 71, p. 6]. *See* Maul, 2006 WL 3447629, at *1 ("Under the third ground, a showing of clear error or manifest injustice does not directly authorize augmentation of the record.").

*Second*, the court did not commit clear error by awarding benefits past August 25, 2013. AT&T cites several cases in support of its argument that the court's review of Sedgwick's decision should be limited to the time period for which Sedgwick denied McMillan benefits—from May 21, 2013 to August 25, 2013. [Doc. Nos. 68, pp. 2–3; 71, p. 7] (citing *Monroe-Trice v. UNUM Employee Short-Term Disability Plan*, No. 00 Civ. 6238(JGK), 2002 WL 483312, at *4 (S.D.N.Y Mar. 29, 2002); *Hedin v. Cingular Wireless, LLC*, No. 04-CV-0406-CVE, 2006 WL 346429, at *1 (N.D. Okla. Feb. 13, 2006); and *McMillan v. AT&T Umbrella Benefit Plan No. 1*, 161 F. Supp. 3d 1069, 1080 n.5 (N.D. Okla. Feb. 9, 2016)). However, these cases do not cut as broadly as AT&T claims. Rather, they stand for the commonsense proposition that where a plaintiff fails to file a claim for long-term disability benefits, the court's review is limited to the administrator's decision regarding short-term disability benefits. This makes sense, because otherwise there would be no final decision by the administrator regarding long-term disability benefits for the court to review. The situation here is different: McMillan actually did file a claim for short-term disability benefits, and Sedgwick did render a final decision on it. The cases cited by AT&T say nothing to indicate that this court lacked the authority to make a determination that McMillan was due the full duration of benefits under his short-term disability plan. As a result, the court holds that it did not commit clear error by awarding benefits past August 25, 2013.

Therefore, the court holds that it was not clear error to award McMillan "short term disability benefits due under the plan . . . through the date of judgment." [Doc. No. 66]. However, to avoid ambiguity, the court will amend its judgment to the extent necessary to clarify that it awards McMillan short-term disability benefits under the plan for the maximum, twenty-six week period, from May 21, 2013 through November 19, 2013.

## IV. Conclusion

For the reasons stated above, AT&T's Motion to Alter or Amend Judgment [Doc. No. 68] is granted in part and denied in part.

IT IS SO ORDERED, this 4th day of October, 2017.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT